UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION



AUG 25 2011

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 1:04-cr-481 (GBL) |
|    Plaintiff-Respondant, ) | Hon. |
| vs. ) | |
| ANTONIO PINEDA, ) | |
|    Defendant-Petitioner. ) | |

MOTION REQUESTING SENTENCING TRANSCRIPTS

PURSUANT TO THE CRIMINAL JUSTICE ACT

(TITLE 18 U.S.C. §3006A)

RELIEF REQUESTED

Now comes Defendant Antonio Pineda, pro se, and moves this Honorable Court for a copy of his sentencing proceedings transcripts at the expense of the government, pursuant to Title 18 U.S.C. 3006A, for grounds shown herein.

GROUNDS

1. Facts

Antonio Pineda was sentenced in this court under violations of United States law. He was sentenced to a term of what he



understood to be 240 months, or twenty years in prison.

Pineda is surprised, then, that the Department of Justice Bureau of Prisons has in their paperwork a release date which seems to reflect a sentence of 300 months.

Pineda is an hispanic, and is not a native English speaker. Pineda was just made aware of the 300-month figure at his last "team" meeting, which is a periodic (every three month) meeting that inmates have with prison staff.

Pineda is seeking clarification and potentially, correction, of his prison records. A twenty-year sentence is what the transcripts should reflect that Pineda pled to, and recieved.

2. Law

Section 753(f) of Title 28, United States Code, addresses the circumstances under which documents may be provided to indigent criminal defendants at the government's expense. Courts have held that:

> "An indigent defendant may be entitled to a transcript at government expense if he has stated a proper ground for relief and a transcript is indispensable",

United States v. Glass, 317 F.2d 200, 202-203 (4th Cir. 1963).

Likewise, the Supreme Court has held that:

> "Because there is no constitutional requirement that an indigent defendant be provided free transcripts (or other court documents) in order to collaterally attack a conviction or sentence, the defendant must show a "paticularized need" for the documents",

<u>United States v. MacCollom</u>, 426 U.S. 317, 323-330, 96 S.Ct. 2086, 48 L. Ed. 2d 666 (1976); accord Fourth Circuit jurisprudence at <u>Morin v. United States</u>, 522 F.2d 8,9 (4th Cir. 1975).

3. Discussion

Pineda then states that his particularized need as articulated under thr Glass/Morin standards mentioned above would be potentially two-fold, but for certain at least one of: (1) using the transcripts to correct either the paperwork of the Bureau of Prisons, or seek a clerical error correction in the District Court under Rule 35(a); or (2) to consider a collateral challenge and to prepare such a challenge, because the 300 month sentence was not what Pineda understood himself to recieve at sentencing.

Therefore, Pineda has stated a particularized need for the transcripts, and asks this court to grant an order pursuant to 18 U.S.C. §3006A.

PRAYER FOR RELIEF

WHEREFORE Movant Pineda prays that this Honorable Court will grant the following relief:

1. Direct the production of the transcripts for Pineda's sentencing hearing, being Docket Entry 66, to Pineda, at government expense;
2. Any other relief just, proper, and in the premises.

"I, Antonio Pineda, certify that the foregoing is true, complete, and correct to the best of my knowledge, information, and belief. Executed on 8/21/2011

Signed,

*Antonio Pineda*
/s Antonio Pineda

CERTIFICATE OF SERVICE

I, Antonio Pineda, certify that I have served a true copy of the foregoing instrument on:




bu placing a copy of the instrument in the U.S. Mail with proper postage affixed on 8/21/2011.

Signed,

*Antonio Pineda*
/s Antonio Pineda